UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

MELISSA JOHNSON,
on behalf of herself and on behalf of all
other similarly situated persons,

    Plaintiffs,

v.                                                 Case No.:

CENTERFIELD MEDIA
HOLDING COMPANY,

    Defendant.
_____/

## CLASS ACTION COMPLAINT
### (JURY TRIAL DEMANDED)

Plaintiff, Melissa Johnson ("Plaintiff") on behalf of herself and on behalf of a putative class comprised of other similarly-situated persons, by and through her undersigned counsel, files this Class Action Complaint against Defendant, Centerfield Media Holding Company ("Defendant"), and alleges as follows:

### NATURE OF THE ACTION

1. This is a class action for the recovery by the Plaintiff, on her own behalf and on behalf of approximately 200 other similarly situated former employees (collectively the "Class", as defined below), seeking damages in the amount of 60 days' compensation and benefits for each of them by reason of the Defendant's violation of their rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act"). The WARN Act class is defined as follows:

> **WARN ACT CLASS**: All similarly-situated persons worked for Defendant at its Margate, Florida, facility and were laid off without cause by Defendant as part of or

**as the reasonably foreseeable result of a plant shutdown ordered by Defendant at the Facility in March of 2018.**

2. The WARN Act requires that the employer provide 60 days written notice of the intention to lay off more than 50 employees during any 30-day period as part of a plant closing. The notice must be provided to employees, the State dislocated worker unit and the chief elected official of the unit of local government in which the employment site is located, and any collective bargaining unit. Defendant violated the WARN Act by failing to follow these requirements, as set forth in detail herein.

3. Plaintiff and the other Class members were employees of Defendant who were terminated without cause on their part in or about March 31, 2018, as part of or as the reasonably expected consequence of a mass layoff or plant closing, which was effectuated by Defendant on or about that date.

4. Defendant failed to give the Plaintiff and the Class Members at least 60 days' advance notice of their termination. As a consequence, the Plaintiff and the Class members are entitled under the WARN Act to recover from the Defendant their respective compensation and benefits for 60 days, no part of which has been paid.

## JURISDICTION

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

6. The violation of the WARN Act alleged herein occurred in this District.

7. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

8. At all relevant times Defendant was a corporation authorized to conduct business in the State of Florida.

9. Defendant maintained an office or facility in Margate, Florida (the "Facility").

10. In 2017 through March of 2018 Defendant employed approximately 200 persons at the Facility.

11. Prior to their terminations, Plaintiff and the Class Members were employees of Defendant who worked at the Facility.

12. In March of 2018 the Plaintiff and the Class Members were terminated from their employment, without cause on their part, by the Defendant.

13. Plaintiff brings this action on her own behalf and, pursuant to rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all other members of the Class.

## CLASS ACTION ALLEGATIONS

14. Defendant operates call centers in California, New York, and Florida. Plaintiff and the Class Members worked at Defendant's Margate, Florida call center until they were laid off in violation of the WARN Act mass-layoff requirements. According to its website, Defendant "offers a fully integrated (end to end) marketing and sales solution engaging the consumer from initial touch point all the way through completed sale." *See* https://www.centerfield.com.

15. At all relevant times, Defendant employed 100 or more employees, exclusive of part-time employees, *i.e.*, those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 90 day period prior to the date notice was required to be given (the "Part-Time Employees"), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

16. Plaintiff and the Class members worked at Defendant's Margate, Florida, call center and handled in-bound calls for Defendant who, prior to the mass layoff, had a temporary contract with Sprint. When the Sprint contract ended, Defendant violated the WARN Act by engaging in a mass layoff of Plaintiff and the Class Members without proper notice.

17. Instead of complying with the WARN Act's mass-layoff notification requirements, Defendant waited until February of 2018 to vaguely suggest to Plaintiff and the Class Members that the Sprint project would conclude at the end of March 2018. No other details were given at the time of original notification.

18. Two weeks before the Sprint project ended, Defendant had the Facility supervisors send an email stating that no more compensation would be paid to Plaintiff and the Class Members after March 31, 2018, terminating their employment.

19. The terminations in March of 2018 of Plaintiff and the Class Members resulted in the loss of employment for at least 50 employees excluding Part-Time Employees.

20. Plaintiff and the Class Members worked for the employer more than 6 months in the 12 months preceding the March of 2018 mass layoff. They also worked, on average, more than 20 hours a week.

21. The mass layoff resulted in closing of the Facility, and resulted in the loss of employment for approximately 200 employees who made up more than 33% of the Defendant's active workforce at the facility.

22. Prior to the terminations, the Plaintiff and the Class members did not receive written notice at least 60 days in advance of the termination of their employment.

23. The Plaintiff and the Class members constitute a Class within the meaning of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

24. Each of the other Class members is similarly situated to the Plaintiff with respect to his or her rights under the WARN Act.

25. Common questions of law and fact are applicable to all members of the Class.

26. The common questions of law and fact arise from and concern the following facts, among others: that all Class members enjoyed the protection of the WARN Act; that all Class members were employees of the Defendant who worked at the Facility; that the Defendant terminated the employment of all the members of the Class without cause on their part; that the Defendant terminated the employment of the members of the Class without giving them at least 60 days' prior written notice as required by the WARN Act; that the Defendant failed to pay the Class members wages and to provide other employee benefits for a 60-day period following their respective terminations; and, the issues raised by any affirmative defenses that may be asserted by the Defendant.

27. The Plaintiff's claims are typical of the claims of the other members of the Class in that for each of the several acts of Defendant described above, and the Plaintiff and the Class members are each injured parties with respect to his/her rights under the WARN Act.

28. The Plaintiff will fairly and adequately protect and represent the interests of the Class as she has no interests adverse to the Class.

29. The Plaintiff and her counsel have the time and resources to prosecute this action.

30. The Plaintiff has retained the undersigned counsel who possess extensive class action experience, including experience with litigation of WARN Act claims, employee rights' claims, and other claims in Federal court.

31. The Class is so numerous as to render joinder of all members impracticable in that there are approximately 200 or more members of the Class.

32. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members.

33. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

34. No Class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

35. As far as Plaintiff and her counsel know, to date no other litigation concerning the WARN Act rights of any Class member has been commenced against Defendant.

36. Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties, and is the most efficient means of resolving the WARN Act rights of all the Class members.

37. The names of all the Class members are contained in Defendant's records and are easily ascertainable.

38. The rate of pay and the benefits that were being paid or provided by Defendant to each Class member at the time of his or her termination are contained in Defendant's records.

39. As a result of Defendant's violation of the WARN Act, each Class member is entitled to recover an amount equal to the sum of: (a) his/her respective wages, salaries, commissions, bonuses and accrued pay for vacation and personal days for the work days in the 60 calendar days prior to their respective terminations and fringe benefits for 60 calendar days prior to their respective terminations; and (b) his/her medical expenses incurred during the 60-day period following their respective terminations that would have been covered and paid under the Defendant's health insurance plan had that plan provided coverage for such period.

## JURY TRIAL DEMAND

40. Plaintiff hereby demands a jury trial of all issues that may be so tried.

## PRAYER FOR RELIEF

***WHEREFORE***, the Plaintiff demands judgment against Defendant as follows:

A. In favor of the Plaintiff and each other Class member against the Defendant equal to the sum of: (a) wages, salary, commissions, bonuses, accrued pay for vacation and personal days, for 60 days; (b) pension, 401(k) contributions, health and medical insurance and other fringe benefits for 60 days; and (c) medical expenses incurred during the 60 day period following their respective terminations that would have been covered and paid under the Defendant's health insurance plans had coverage under that plan continued for such period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A).

B. Appointment of the Plaintiff and as Class Representative;

C. Appointment of the undersigned as Class Counsel;

D. In favor of the Plaintiff and the Class Members for the reasonable attorneys' fees and the costs and disbursements of prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104 (a)(6).

E. Interest allowed by law; and

F. Such other and further relief as this Court deems just and proper.

Dated this ___ day of April, 2018.

Respectfully submitted,

/s/ BJH
_____
**BRANDON J. HILL**
Florida Bar Number: 37061
**MATTHEW K. FENTON**
Florida Bar Number: 0002089
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: mkfenton@wfclaw.com
Email: twells@wfclaw.com
**Attorneys for Plaintiffs**

and

**RICHARD CELLER**
Florida Bar Number: 0173370
**NOAH E. STORCH**
Florida Bar Number: 0085476
**RICHARD CELLER LEGAL, P.A.**
7450 Griffin Road, Suite 230
Davie, Florida 33314
Main No.: (866) 344-9243
Facsimile: (954) 337-2771
Email: richard@floridaovertimelawyer.com
Email: noah@floridaovertimelawyer.com
**Attorneys for Plaintiffs**